RECEIVED
SEP 19 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CASSANDRA NEWBERN, individually and
on behalf of J. B., a minor,

    PLAINTIFF,

V.    Case No.: 3:24-CV-283-MPM-RP

DESOTO COUNTY SCHOOL DISTRICT;
DESOTO COUNTY, MISSISSIPPI;
CITY OF SOUTHAVEN;
SOUTHAVEN POLICE DEPARTMENT;
BRENT VICKERS, Chief of Police, in his
official capacity; and
OFFICER ERIN HILL, Southaven Police
Officer and DeSoto County School District
Resource Officer *(at the time of incident)*,
 in his individual and official capacities.

    DEFENDANTS.

## AMENDED COMPLAINT FOR CIVIL RIGHTS *ET. AL.* RIGHTS UNDER THE LAW *INFRA*

## JURY DEMAND

This is an amended[1] civil rights action seeking redress for the deprivation of fundamental rights guaranteed, *inter alia*, by the United States Constitution and the Mississippi Declaration of Rights. Plaintiff Cassandra Newbern and J. B., black females, who had committed no criminal wrong but J. B. was subjected to illegal racial profiling and seizure of her person, had her arms placed behind her back and handcuffed in public and among her peers (classmates) by Desoto

---

[1] This amended complaint is in obedience with the September 12, 2024 Order of this Honorable Court, ordering Plaintiff to amend her initial complaint with specific instructions regarding the minor child, J. B.,

County School District and the Desoto County School District Resource Officer Erin Hill, all without just cause or reasonable suspicion that she committed a crime. All Defendants, especially Officer Erin Hill, actions were unconstitutional and extremely outrageous misconduct. It is a basic right of persons in the United States, who isn't guilty or who hasn't committed a reasonable suspicion of committing a crime, to be protected by armed agents of the state. Any person, without just cause, should be free of arrest, thus depriving that person of his freedom, which was a right denied to J. B., thus depriving Plaintiff Cassandra Newbern the same rights being the biological mother of J. B..

J. B. is black disabled student in the Desoto County Central Middle School at the time of the acts complained of herein, where it is about 60 to 70 % white students vs. minority (protected class) students, wherein J. B. is subjected to different discipline than that of white students. After seizing J. B. and depriving her of her liberty, Officer Erin Hill as well as the Desoto County Juvenile Detention Center, subjected J. B. to illegal frisks and searches, which uncovered no contraband. This *terrifying*, intrusive, *substantial* (essential and strongly made), and unwarranted invasion of privacy was a repulsive act by Southaven Police Officer Erin Hill, as well as the Desoto County Juvenile Jail, was a profound humiliation and dehumanization. It was carried out by the approval of the Desoto County School District and Officer Erin Hill, who was employed by the Southaven Police Department, as a signal and means of subjugation and degradation without any lawful purpose whatsoever. The Southaven Police Department, upon notice by Plaintiff Cassandra Newbern, of the abusive, repulsive and outrageous conduct of Officer Erin Hill, did discipline him and Hill had to be retrained; nevertheless, Officer Erin Hill wasn't terminated but presently works at the DeSoto County Sheriff's Department[2]. After a short absence from the Southaven Police

---

[2] The Southaven Police Department apparently provided Defendant Erin Hill with an honorable referral in order for him to obtain a deputy job at the DeSoto County Sheriff's Department.

Department, assumed to be retrained, Officer Erin Hill began working for the DeSoto County Sheriff's Department, again working as a Desoto County School Resource Officer at the same school (DeSoto County Central Middle School). The failure to terminate Officer Erin Hill, evidences the ratification and institutionalized acceptance of this gross misconduct by the Southaven Police Department as well the City of Southaven.

## NATURE OF ACTION

1. This is an action arising under the United States Constitution and 42 U.S.C. § 1983 ("1983"), Mississippi Declaration of Rights (Federal and State Constitution as State Laws), and Mississippi common law, and all other applicable "pendent tort claims". Federal Question is an appropriate and stated jurisdictional claim.

2. ALL Defendants, especially Officer Erin Hill, intentionally and maliciously seized and searched J. B., without just cause.

3. Officer Erin Hill of the Southaven Police Department (at the time), intentionally and maliciously, and with neither probable cause nor reasonable suspicion, contacted a transport Officer whose name is believed to be Officer R. Korerumpt (the transporting officer's name wasn't legible on the police report) also a member of the Southaven Police Department, to transport J. B. to juvenile jail, where she was dressed out in jail uniform and held in a small cell for over 18 hours. This was done to intimidate both Plaintiff and J. B. so that J. B. would not exercise, or to punish her for exercising, her rights to freedom of speech or expression and freedom to petition the government for redress of grievances, and also in a pretextual attempt to justify their improper conduct *post* *facto*[3].

---

[3] *Post facto* is an adjective that means "after the fact" or "retroactive". It's often used in legal contexts to refer to actions taken after an event has already occurred.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343[4](a)(3)[5] and (4) (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). Jurisdiction is also based on the Law Enforcement Misconduct Statute 42 U.S.C. § 14141, 28 U.S.C. §§ 2251[6], (being that J. B.'s **arrest,** which both Plaintiff and J. B. are challenging, was in violation of Federal and State Constitutional and *inter alia*[7] laws and ALL guaranteed rights of said Plaintiff and J. B.). Plaintiff state that this court has jurisdiction based on violation of § 504 of the Rehabilitation Act of 1973[8], as amended[9], as well as the Americans with Disability Act of 1990[10] as amended in 2008[11] (42 U.S.C. § 12101 *et. seq.*). Plaintiff also brings this action pursuant to 42 U.S. Code § 1985(3) being that the Defendants conspired together on the premises of government property (DeSoto County School), for the purpose of depriving, either

---

[4] The current statutory grant of federal jurisdiction over civil rights cases is codified at 28 U.S.C. § 1343, which authorizes the district courts to hear civil actions including suits to redress the deprivation under color of any State law, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and suits [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, [].

[5] To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United State...

[6] This federal statute is a habeas corpus statute wherein Plaintiff, on behalf of J. B., also seeks a habeas corpus ruling based on the incarceration of J. B., although J. B. is not presently in the juvenile jail as an inmate. Plaintiff has not exhausted state habeas corpus remedies based on the fact that circumstances of biases against Plaintiff and J. B. in state court definitely exists that would render such a process ineffective to protect the rights of J. B. as well as Plaintiff.

[7] Inter alia is defined as "among other things"

[8] Section 504 forbids organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program benefits and services.

[9] The Rehabilitation Act of 1973, as Amended (Rehab Act) prohibits discrimination on the basis of disability in programs conducted by federal agencies, in programs receiving federal financial assistance, in federal employment and in the employment practices of federal contractors.

[10] The Americans with Disabilities Act (ADA) prohibits discrimination against people with disabilities in several areas, including employment, transportation, public accommodations, communications and access to state and local government' programs and services.

[11] The Americans with Disabilities Act Amendments Act of 2008 (ADA Amendments Act) changed the Americans with Disabilities Act of 1990 (ADA) to make it easier for people to establish that they have a disability. The Act was signed into law by President George W. Bush on September 25, 2008 and went into effect on January 1, 2009

directly or indirectly, Plaintiff and J. B. of the equal protection of the laws, or of equal privileges [] under the laws.

Plaintiff, finally, but without waiving her right to amend this jurisdictional statement and this amended comp;laint, states that she bring this action pursuant to the Individuals with Disabilities Education Act (IDEA) of 1975, as amended from time to time[12] (20 USC Ch. 33: EDUCATION OF INDIVIDUALS WITH DISABILITIES).

5. Venue is proper in the United States District Court for the Northern District of Mississippi, Oxford Division, under 28 U.S.C. § 1391 *et. seq.* because a substantial part of the acts or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

6. Plaintiff Cassandra Newbern, hereinafter referred to as Newbern, is the biological mother of J. B., who has suffered financial and emotional injuries, for the illegal arrest and deprivation of her and the rights of J. B..

7. J. B., is a minor daughter of Newbern and a student of Desoto Central Middle School, located in Southaven MS., wherein Newbern brings this action on her behalf as well as on her (Newbern's) behalf.

8. Desoto County Mississippi is a corporation located in the state of Mississippi. DeSoto County is governed by five <u>elected</u> District Supervisors. Supervisors are elected to four-year terms by citizens in their district. While each Supervisor represents his or her district, all the members are expected to look after the good of DeSoto County as a whole. For the purpose of service of process, Plaintiff will serve process of service on Desoto County District attorney, of the 23rd judicial district, Matthew Barton, esquire, at 365 Losher Street, Suite 210, Hernando, MS 38632.

---

[12] The Individuals with Disabilities Education Act (IDEA) codified the right of all American children with disabilities to receive a free and appropriate public education (FAPE). The law was passed by Congress in 1975 and has been revised many times since.

9. Desoto County School District, which receives federal funds, has an address of 5 East South Street Hernando MS 38632. When searching the Mississippi Secretary of State website, it has the name of Desoto County Schools Leasing Authority, Inc. The registered agent is listed as Milton Kuykendall 5 East South Street, Hernando, MS 38632. FURTHERMORE, Desoto County School District is an arm of Desoto County Mississippi; therefore, out of the abundance of caution, Plaintiff will serve process on Desoto County District attorney, of the 23rd judicial district, Matthew Barton, esquire, at 365 Losher Street, Suite 210, Hernando, MS 38632.

10. City of Southaven, which receive federal funds, is an interlocal city[13] located in Desoto County Mississippi. is a municipality, duly incorporated under the laws of the State of Mississippi and as such is a political subdivision of the State of Mississippi and, among its other functions, operates and maintains a law enforcement agency known as the Southaven Police Department. The City of Southaven is under a duty to operate its policing activities lawfully to preserve the peace of the City of Southaven and the rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States and/or the State of Mississippi. Such municipality is subject to suit pursuant to 42 U.S.C. § 1981 and other laws stated in the jurisdictional statement. The City of Southaven may be served with this Complaint by serving the City Clerk, Katie Harbin, at the Southaven Municipal Building, P.O. Box 1020, Senatobia, MS 38668. Furthermore, after researching who is the City OR District Attorney for Southaven, MS for the purpose of service of process, it is revealed that it is also Matthew Barton, esquire, at 365 Losher Street, Suite 210, Hernando, MS 38632.

11. Brent Vickers is the Southaven Chief of Police. Brent Vickers was sworn in by Southaven Mayor Darren Musselwhite. Brent Vickers, a Senatobia native, had served as deputy

---

[13] An interlocal city is a city that is part of an interlocal agreement, which is a specialized contract that allows governments to exchange goods and services with other government agencies. The purpose of an interlocal agreement is to increase the efficiency and effectiveness of local governments.

chief of police before being appointed chief. Brent Vickers said his goals as chief, include having continued partnerships with Mississippi and DeSoto County law enforcement, in ensuring safety for people living in that area. Brent Vickers is an adult resident citizen of DeSoto County, Mississippi, and can be served at his place of employment at the Southaven Police Department, 8691 Northwest Dr, Southaven, MS 38671. Brent Vickers is responsible for the day-to-day operation of the Southaven Police Department and is the final policymaker with respect to law enforcement operations for the City of Southaven relevant to this action. Brent Vickers was under a duty to operate the policing activities of the Southaven Police Department to preserve not only the peace of the City of Southaven but also to protect its citizens and to preserve their rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States and/or the State of Mississippi. The Plaintiff is bringing this cause of action against Defendant Brent Vickers in his official capacity as chief of the Southaven Police Department. For the purpose of service of process, Plaintiff will serve Matthew Barton, esquire, Southaven attorney, at 365 Losher Street, Suite 210, Hernando, MS 38632.

12. Southaven Police Department, which receives federal funds, is an arm of the City of Southaven, DeSoto County, Mississippi, and is physically located at 8691 Northwest Dr, Southaven, MS 38671. For the purpose of service of process, Plaintiff will serve Matthew Barton, esquire, at 365 Losher Street, Suite 210, Hernando, MS 38632.

13. Officer Erin Hill, hereinafter referred to as Hill, was at the time of the acts complained of, employed as a policeman with the Southaven Police Department under *then* Police Chief Macon Moore (at the time), and assigned as a DeSoto County School Resource Officer at the DeSoto Central Middle School. Hill, was an officer with the City of Southaven Police Department and was acting under the color of state law and within the scope of his employment with the Southaven Police Department. Plaintiff is bringing this action against Hill in both his individual

and official capacities as an officer of the Southaven Police Department, although he is presently employed with the DeSoto County Sheriff Department as a Deputy Sheriff. For the purpose of service of process, Plaintiff will serve Hill in his individual capacity at the DeSoto County Sheriff Department at 2885 Goodman Rd W., Horn Lake, MS 38637. Plaintiff will also serve Hill in his official capacity by serving Matthew Barton, esquire, at 365 Losher Street, Suite 210, Hernando, MS 38632.

## ACTS COMPLAINED OF

14. Weeks prior to J. B. being unlawfully arrested on September 28, 2023, Newbern had a § 504 Manifestation Meeting to determine additional disability accommodations for J. B.. The meeting was with both Plaintiff and J. B. as well as the supervising officials of the Defendant DeSoto County School District, including Assistant Principal Ms Bey and a DeSoto County School District Counselor by the name of Ms. Glenn, who was listed as a "Safe Person[14]" for J. B.. It was determined at the meeting that J. B., in addition to her already mental diagnoses of ADHD (Attention Deficit Hyperactivity Disorder), ODD (Oppositional Defiant Disorder), mood disorder and anxiety, that it was <u>hard for her (J. B.) to adjust to change</u>.

15. On September 28, 2023, J. B. was falsely arrested by Hill, wherein the arrest was initiated and approved by the supervising officials of the DeSoto County School District, including Assistant Principal Ms. Bey who assisted Hill by looking up J. B. in the school computer to determine if J. B. was eligible to be transported.

16. It is believed that Hill incorrectly and falsely stated to a DeSoto County state judge that J. B. had flipped "*over*" tables in the cafeteria, thus getting a judge's approval for the arrest of J. B.. Nevertheless, Hill, the DeSoto County School (DeSoto County Central Middle School)

---

[14] A "Safe Person" for J. B. is a person to calm J. B. when she is getting angry. The "Safe Person", who was DeSoto County School District Counselor Ms. Glenn, should be trained in order to handle J. B. when her disability causes her to get angry.

Assistant Principal Bey and DeSoto County School Counselor, Ms. Glenn, who was named as J. B.'s "Safe Person" KNEW the truth or should have known the truth that J. B. had **not** flipped over any tables.

17. In addition, Hill, a governmental authority, or an agent thereof, with responsibility for the administration of juvenile justice or the incarceration of juveniles, has engaged in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

18. The incident that led to J. B.'s arrest was that the DeSoto County School Assistant Principal Bey changed J. B.'s class schedule[15] in writing although she was aware that J. B.'s disability included that it was hard for her to adjust to change. Newbern wasn't notified of this change.

19. Defendants alleges, as it was reported to Assistant Principal Bey, that J. B. tore up the written schedule change notice and **flipped off** (meaning putting up her middle finger) a table of other students[16] in the cafeteria, because she became angry about her schedule change as it was hard for J. B. to adjust to change.

20. After it was alleged that J. B. tore up her class schedule change and "flipped off" her fellow classmates, she went to her P. E. (Physical Education) class instead of going to her history class per her schedule change.

---

[15] Information from Assistant Principal Bey, according to an email from the DeSoto County Schools Director of Special Education, Ms. Elisa Goss, on 10/10/2023, states, "coaches/teachers came to Ms. Bey with issues among three girls the *[sic]* fourth period P. E. class. The P. E. teachers stated that if one of the girls was moved, it should eliminate some of the issues. Ms. Bey checked the three girls' schedules to rearrange. The only schedule that could be easily rearranged without changing any current teachers was JayCala's. Ms. Bey contacted Ms. Glenn [the Safe Person for J. B.], the 7th grade counselor to change the schedule. [] Ms. Glenn met with JaCayla just before lunch to discuss the schedule change and that it was being changed to avoid an issue with these other students. It was reported to Ms. Bey that JaCayla wasn't happy about the schedule change at lunch..."

[16] The students sitting in the lunchroom at the lun Mch table are believed to be predominantly white students NEITHER STUDENT WAS INJURED as J. B. allegedly only put up her middle finger towards other students.

21. After arriving at the P. E. class, Ms Coleman, P. E. teacher, called for Assistant Principal Bey to check on J. B.'s schedule because it was in her (Ms. Coleman, P. E. teacher) "already new schedule change" that J. B. shouldn't be in her P. E. class at that time. J. B. had stated that her schedule was to be effective at another date.

22. Assistant Principal Bey of the DeSoto County Central Middle School called the School Resource Police Officer, Hill, because it was *alleged* that J. B. failed to obey instructions from a teacher, which is NOT a crime under the law and the police should haven't been called.

23. FURTHERMORE, Assistant Principal Bey suspended J. B.for three (3) days from school, after Assistant Principal Bey assisted Hill in effecting an unlawful arrest of J. B.'s person, thus denying her of educational benefits, for a total of three (3) days.

24. Being that J. B. is a disabled black person and a female minor, is the actual reason Police were summoned to meet J. B. along with the Assistant Principal Bey in the gym, where J. B. had gone for her P. E. Class.

25 Hill asked J. B. several questions and J. B. refused to respond as she has a legal right to remain silent when being questioned by the police and her Miranda Rights had not been read to her before being questioned by Hill.

26. Hill **told,** not asked, J. B. to go to his office, as he has a very small office located in the Desoto County Central Middle School.

27. Assistant Principal Bey stated that she checked J. B.'s age for Hill to make an arrest and arrange for her transport, meaning that it was already determined by ALL Defendants that J. B. was going to jail although she had NOT committed a crime under the law. Also J. B. was also suspended from school for three (3) days[17].

---

[17] Newbern received a text message from Assistant Principal Bey on September 28, 2023, after school hours. The text message stated, "[h]ere is a copy of her suspension notice. She can return to school Wednesday, October 4. *(sic)*. She has a hearing at 9 that morning. If you have any questions, please let me know." Newbern immediately responded that she had plenty of questions. Newbern stated that she had not been notified about the schedule change

28. The DeSoto County School District as well as the other Defendants failed to prevent or aid in preventing any wrongs against Plaintiff and J. B. mentioned in section 1985 of Title 42 which Defendants had knowledge were about to occur and Defendants, especially the DeSoto County School District, had the power to prevent such wrongs.

29. J. B. was transported to the Desoto County Juvenile Detention Center in Hernando, Mississippi, which is also in DeSoto County, and charged with Disturbing the Peace on School Property, and she (J. B.) was held in a small cell for over 18 hours.

30. Newbern, who was not initially notified of J. B.'s arrest or suspension, filed an official complaint on September 29, 2023 with the Southaven Police Internal Affairs against Hill stating that her child (J. B.) was a child with special needs (disabled) and had not committed a crime but was arrested and placed in juvenile jail for no criminal reason whatsoever.

31. J. B. suffered from severe stress and depression as a direct result from the willful, malicious and illegal acts of the DeSoto County School District *(assisting and approving her arrest and being suspended for no cause for three (3) days for allegedly being in violation of flagrant insubordination to administration, using profane, obscene, indecent, immoral, or offensive language and/or gestures)* as well as Hill *(calling a transport officer to transport J. B. to the DeSoto County Juvenile Detention Center in Hernando, MS,* **(ALL without J. B. committing a crime and without reasonable suspicion of a crime and just or probable cause under the law**)) wherein Hill was acting under color of state law; therefore, Hill is NOT able to benefit from immunity.

32. After J. B. was released from her illegal custody, she was given a court date but the court, prior to the court date, dismissed the charge on October 5, 2023 of Disturbing Public School

---

or any problems that J. B., Newbern's biological daughter, hsd with other students. Newbern reminded Assistant Principal Bey that J. B. has a section 504 disability plan, which indicates that she has disability needs. Newbern further stated that J. B.'s rights have been violated and completely taken away, including that J. B. was discriminated against etc...

Session or Meeting in violation of § 37-11-23 of the Mississippi Code Annotated (1972) per the request of Major Seth Kerin of the Southaven Police Department.

33. As a result of the traumatizing incident on September 28, 2023, J. B.'s desire to attend school diminished and she cried often and began isolating herself.

34. Newbern ended up taking J. B. to a psychiatrist, who diagnosed J. B. with depression and was placed on additional medication from her other medications that she takes for her other diagnosis of ADHD, ODD and anxiety.

35. Newbern became depressed and could not sleep as a result of her disabled daughter, J. B., being discriminated against based on her race and disability and being unfairly and unlawfully arrested and suspended prior to a due process hearing.

36. Newbern also had to go under the care of a psychiatrist, who diagnosed Newbern with depression and placed her on medication as a direct result of the acts complained of. As of this date, the filing of this amended complaint, Newbern is presently under the care of the psychiatrist.

WHEREFORE, PREMISES CONSIDERED, both Plaintiff prays for the following relief:

1. A judgment ordering the Defendants, individually, to cease and desist future conduct of discriminating against back disabled students,
2. A judgment against each Defendant for compensatory damages awarded to Plaintiff and J. B. in the amount of $2,000,000,
3. A judgment against each Defendant for punitive damages awarded to Plaintiff and J. B. in the amount of $2,000,000, AND
4. All other relief deemed necessary and just.

Respectfully,

_____
Ms. Cassandra Newbern, Plaintiff
4729 Balterson Loop S
Olive Branch, MS 38654
cassandra72315@gmail.com
870-973-9009