RECEIVED APR 25 2025 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CASSANDRA NEWBERN, individually and
on behalf of J.B., a minor,

    PLAINTIFF,

v.                              Case No.: 3:24-CV-283-MPM-RP

DESOTO COUNTY SCHOOL DISTRICT;
DESOTO COUNTY, MISSISSIPPI;
CITY OF SOUTHAVEN;
SOUTHAVEN POLICE DEPARTMENT;
BRENT VICKERS, Chief of Police, in his
official capacity; and
OFFICER ERIN HILL, Southaven Police
Officer and DeSoto County School District
Resource Officer (at the time of incident),
in his individual and official capacities.

    DEFENDANTS.

## MEMORANDUM OF LAW IN OPPOSITION TO THE COURT'S APRIL 9th ORDER

### I. THE COURT ERRED IN GRANTING QUALIFIED IMMUNITY TO OFFICER HILL

**A. The Court Improperly Applied the Pleading Standard for Pro Se Litigants**

The court has applied an overly stringent pleading standard to the pro se plaintiff's complaint, contrary to established Supreme Court precedent. In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court affirmed that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." The court incorrectly criticized the plaintiff's use of phrases like "it is believed" when referring to Officer Hill's alleged

misconduct, ignoring that pro se plaintiffs necessarily lack access to information solely within defendants' possession.

In *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Supreme Court held that allegations in a pro se complaint should be held "to less stringent standards than formal pleadings drafted by lawyers" and should only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The court's analysis of the "plausibility" of plaintiff's claims contradicts this well-established precedent.

### B. The Court Misapplied the Qualified Immunity Standard at the Motion to Dismiss Stage

The court improperly granted qualified immunity at the motion to dismiss stage without allowing discovery. In *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995), the Fifth Circuit established that "a plaintiff ordinarily cannot overcome the qualified immunity defense without detailed factual allegations" but recognized that such details may not be available before discovery. The Fifth Circuit has repeatedly recognized that qualified immunity does not protect "the plainly incompetent or those who knowingly violate the law" (*Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The court's restrictive interpretation of discovery rights under *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987) is improper. Despite the court's claim that *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) severely limited qualified immunity discovery, *Carswell* did not overrule *Lion Boulos* and explicitly declined to do so in its revised opinion. As recently as 2021, in *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2021), the Fifth Circuit affirmed that limited discovery may be appropriate before ruling on qualified immunity.

### C. The Court Improperly Assessed the Constitutional Violation Prong

The court erroneously analyzed the first prong of qualified immunity by speculating about facts not in the record. In *Tolan v. Cotton*, 572 U.S. 650, 657 (2014), the Supreme Court reiterated that courts "may not resolve genuine disputes of fact in favor of the party seeking summary judgment" when deciding qualified immunity. The court's speculative reasoning about why Officer Hill would not "frame" a student directly contradicts this principle.

In *Wernecke v. Garcia*, 591 F.3d 386, 393 (5th Cir. 2009), the Fifth Circuit held that "good faith" is not relevant to the qualified immunity analysis—the question is whether the official's conduct violated clearly established law, not their subjective intent. The court's speculation about Officer Hill's motives was legally irrelevant and improper.

### D. The Court Incorrectly Applied the "Clearly Established" Prong

The court erred in its application of the "clearly established" prong by mischaracterizing precedent. In *Hope v. Pelzer*, 536 U.S. 730, 741 (2002), the Supreme Court held that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." The Fifth Circuit in *Bartlett v. City of Columbus*, 576 F. App'x 442, 444 (5th Cir. 2014) recognized that "it is well established that an arrest without probable cause violates the Fourth Amendment."

In *Cole v. Carson*, 935 F.3d 444, 453 (5th Cir. 2019) (en banc), the Fifth Circuit held that "fabricating evidence to secure a warrant is a constitutional violation." The court should have applied this precedent instead of focusing on perceived defects in plaintiff's citations.

The well-established principle that deliberately falsifying information to obtain an arrest warrant violates the Fourth Amendment was articulated in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), where the Supreme Court held that when a false statement is knowingly included in a warrant affidavit, the warrant is invalid if the remaining content is insufficient to establish probable cause. This principle has been consistently applied by the Fifth Circuit in cases such as *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) and *Hale v. Fish*, 899 F.2d 390, 400 n.3 (5th Cir. 1990).

## II. THE COURT ABUSED ITS DISCRETION IN CRITICIZING PLAINTIFF'S LITIGATION TACTICS

### A. The Court's Threat of Future Sanctions Without Proper Investigation Reflects Procedural Impropriety

The court's characterization of plaintiff's citation errors as deliberate "fabrication" warranting potential future sanctions is premature and procedurally improper. While the court has not yet imposed formal sanctions, its warning of a potential show-cause hearing and case dismissal with prejudice for "any further false or fictitious citations" presupposes bad faith without providing the plaintiff adequate opportunity to explain the citation errors.

The Fifth Circuit in *In re Kunstler*, 914 F.2d 505, 522 (5th Cir. 1990), recognized that courts must consider all relevant circumstances before determining that sanctions are appropriate, including whether an attorney or pro se litigant acted in good faith. Simple citation errors, particularly by pro se litigants unfamiliar with legal research tools, should not be presumed to constitute intentional fabrication without evidence of bad faith.

The Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991), emphasized that a court's inherent power to sanction must be exercised with restraint and discretion. Before threatening dismissal with prejudice—one of the most severe potential sanctions—the court should have thoroughly investigated whether the plaintiff's citation errors resulted from intentional misconduct or mere mistake.

**B. The Court Failed to Consider Innocent Explanations for Citation Errors**

The court failed to consider innocent explanations for the citation errors before characterizing them as deliberate fabrications. Citation errors by pro se litigants are common and can result from various factors, including typos, confusion between similar cases, misremembering case names, or difficulty navigating legal databases.

In *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988), the Fifth Circuit recognized that determining whether a filing was made in good faith requires careful inquiry into the facts and circumstances of the case. The court's assumption that the plaintiff "fabricated" cases without considering innocent explanations reflects an inappropriate presumption of bad faith.

**III. THE COURT ERRED IN ITS HANDLING OF SERVICE OF PROCESS ISSUES**

While the court correctly denied defendants' motion to dismiss for insufficient service of process, it erred in imposing a one-month deadline for proper service without considering the practical difficulties faced by a pro se plaintiff.

In *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996), the Fifth Circuit held that courts should consider a pro se plaintiff's efforts and diligence in attempting service, even if technically deficient. The Fifth Circuit in *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) recognized that pro se plaintiffs often face "substantial difficulty" in properly serving process.

The court should have followed the approach in *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987), where the Fifth Circuit held that when a pro se plaintiff's complaint provides sufficient information for the marshal to serve process, the court should direct the marshal to serve process rather than placing the burden entirely on the pro se plaintiff.

## IV. THE COURT'S HANDLING OF THE CHILD'S DISABILITY CLAIMS WAS INADEQUATE

**A. The Court Failed to Properly Address the Disability Claims Under the ADA and IDEA**

While acknowledging the seriousness of plaintiff's disability-related claims, the court failed to properly analyze them under the appropriate legal framework. The Americans with Disabilities Act and Individuals with Disabilities Education Act create affirmative obligations for school districts, as established in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 748-49 (2017).

The court expressed "hesitan[ce] to second-guess teachers and school administrators" but failed to recognize that judicial oversight of educational decisions is precisely what Congress intended in passing the IDEA, as confirmed in *Honig v. Doe*, 484 U.S. 305, 311-12 (1988), where the Supreme Court recognized that Congress enacted the IDEA to address the inadequate educational services offered to children with disabilities.

## B. The Court Failed to Consider the Inter-relationship Between Disability Discrimination and the False Arrest Claims

The court failed to consider how J.B.'s disabilities may have been relevant to both the school's disciplinary actions and Officer Hill's arrest decision. In *S.H. ex rel. Durrell v. Lower Merion School District*, 729 F.3d 248, 257 (3d Cir. 2013), the Third Circuit recognized that disability discrimination claims and discipline can be interconnected when a child's disability-related behaviors are treated as disciplinary issues.

The Fifth Circuit in *Doe v. Dallas Independent School District*, 941 F.3d 224, 227 (5th Cir. 2019) recognized that schools have an obligation to provide appropriate accommodations for students with disabilities before resorting to disciplinary measures, especially when the student's behavior is a manifestation of their disability.

## SUPPLEMENTAL ARGUMENTS IN OPPOSITION TO THE COURT'S ORDER

## V. THE COURT IMPROPERLY CHARACTERIZED CITATION ERRORS AS "FABRICATION"

### A. Pro Se Citation Errors Should Not Be Characterized as Deliberate Fabrication

The court's characterization of plaintiff's citation errors as "fabrication" and suggesting they were made in "bad faith" or "whole cloth" is inappropriate and unsupported. In this case, the court has criticized plaintiff for two allegedly incorrect citations while failing to acknowledge the numerous correct citations throughout plaintiff's filings. This selective focus demonstrates bias against the pro se plaintiff.

The Supreme Court in *Castro v. United States*, 540 U.S. 375, 381-82 (2003), emphasized that courts have an obligation to construe pro se filings liberally and to avoid imposing technical requirements that would defeat otherwise meritorious claims. Citation errors by pro se litigants are common and should not be presumed to be made in bad faith without clear evidence.

In *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Supreme Court instructed that pro se complaints should be held to "less stringent standards" than those drafted by lawyers. The Fifth Circuit followed this principle in *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), holding that courts should look to the substance of pro se filings rather than their form.

The court's conclusion that plaintiff "fabricated" case law based on the inability to locate two citations ignores common explanations such as typographical errors, confusion of case names, or citation to unpublished decisions. In *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993), the Fifth Circuit recognized that citation errors are not indicative of bad faith absent clear evidence.

**B. The Court Failed to Consider the Totality of Plaintiff's Legal Arguments**

The court focused exclusively on two allegedly incorrect citations while ignoring that the plaintiff provided numerous other valid citations and legal arguments throughout her filings. This selective analysis violates the fundamental principle that courts must consider the totality of a plaintiff's arguments, especially when the plaintiff is proceeding pro se.

In *Day v. McDonough*, 547 U.S. 198, 209 (2006), the Supreme Court emphasized that district courts must take care to protect the rights of pro se litigants. The Fifth Circuit in *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004), held that courts should consider the substance of pro se arguments rather than their form or technical deficiencies.

## VI. THE COURT IMPROPERLY DISMISSED PLAINTIFF'S USE OF "BELIEF" IN PLEADINGS

### A. "Belief" Allegations Are Proper When Information Is Within Defendants' Control

The court criticized the plaintiff's use of phrases like "it is believed" when alleging that Officer Hill made false statements to obtain a warrant. However, the court failed to recognize that this information is exclusively within the control of defendants at this pre-discovery stage. As a pro se plaintiff without access to discovery, stating allegations based on "belief" is entirely appropriate.

In *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004), the Fifth Circuit recognized that "information asymmetry" between plaintiffs and defendants must be considered when evaluating the sufficiency of pleadings. Similarly, in *Arenas v. Calhoun*, 922 F.3d 616, 623 (5th Cir. 2019), the court acknowledged that allegations based on "information and belief" are permissible when the facts are "peculiarly within the possession and control of the defendant."

### B. The Court Improperly Used "Belief" Language to Question Plaintiff's Credibility

The court improperly used the plaintiff's cautious pleading style against her, suggesting that her use of the phrase "it is believed" undermined her credibility. This approach contradicts established pleading standards, particularly for pro se litigants.

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), while establishing plausibility standards, never suggested that allegations made on "belief" are inherently less credible. In fact, Rule 11(b)(3) of the Federal Rules of Civil Procedure explicitly permits

allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), the Supreme Court emphasized that plaintiffs need not plead detailed factual allegations at the outset of litigation, particularly regarding information that may only become available during discovery.

## VII. THE COURT'S ANALYSIS REVEALS BIAS AGAINST THE PRO SE PLAINTIFF

### A. The Court Applied Uneven Standards to the Parties

The court's order reveals a troubling bias against the pro se plaintiff. While scrutinizing plaintiff's pleadings with extreme rigor, the court simultaneously speculated about facts favorable to Officer Hill without any evidentiary basis. This unequal treatment violates the fundamental principle of judicial neutrality.

In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the Supreme Court cautioned that judicial remarks that reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible" may constitute improper bias. The Fifth Circuit in *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998), emphasized that courts must maintain "the appearance of impartiality."

### B. The Court Improperly Engaged in Fact-Finding at the Motion to Dismiss Stage

Rather than accepting plaintiff's allegations as true, as required at the motion to dismiss stage, the court engaged in improper fact-finding and speculation. The court questioned plaintiff's account that Officer Hill misrepresented J.B.'s actions as "flipping over" rather than "flipping off," creating its own narrative about what likely happened.

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), the Supreme Court emphasized that courts must accept all well-pleaded facts as true when ruling on motions to dismiss. The Fifth Circuit in *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), reiterated that courts must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."

## VIII. ADDITIONAL LEGAL ERRORS IN THE QUALIFIED IMMUNITY ANALYSIS

### A. The Court Misapplied Fourth Amendment Standards for Arrests

Despite acknowledging the Supreme Court's decision in Beck v. Ohio, which established that probable cause exists only if facts available at the moment of arrest would warrant a reasonable person in believing an offense had been committed, the court failed to properly apply this standard to plaintiff's allegations.

The Fifth Circuit in *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009), held that "an officer's good faith or bad faith is irrelevant to the qualified immunity inquiry" in Fourth Amendment cases. The court's focus on whether Officer Hill's misrepresentation was a "deliberate lie" or an "honest mistake" is legally irrelevant—the question is whether the officer's actions violated clearly established law.

### B. The Court Failed to Apply Relevant Precedent on Fabricated Evidence

The court failed to apply the clearly established principle that deliberately providing false information to secure an arrest warrant violates the Fourth Amendment. In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court established that knowingly false statements in warrant applications violate the Fourth Amendment.

The Fifth Circuit has consistently applied this principle. In *Hart v. O'Brien*, 127 F.3d 424, 442 (5th Cir. 1997), the court held that "a plaintiff may satisfy the clearly established prong of the qualified immunity test by pointing to a clearly analogous case." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006), established that a warrant based on knowingly false statements violates clearly established law.

## IX. CONCLUSION

The court's order reveals multiple legal errors that undermine the fairness of these proceedings and prejudice the rights of plaintiff and her disabled child. The court's characterization of citation errors as "fabrication," criticism of "belief" allegations, unequal treatment of the parties, and misapplication of qualified immunity standards all warrant reconsideration.

Despite any personal feelings the court may have about this pro se plaintiff, the court is obligated to abide by the facts and law before it and to treat all litigants fairly and impartially. The errors in this order are not merely technical but go to the heart of the plaintiff's constitutional claims and her child's right to appropriate education under federal disability laws.

For these reasons, plaintiff respectfully requests that the Court reconsider its Order in its entirety.

Respectfully submitted,


CASSANDRA EVETTE NEWBERN
Plaintiff, Pro Se
4729 Batterson Loop S
Olive Branch, MS 38654
Telephone: 870-973-9009
Email: Cassandra72315@gmail.com

## CERTIFICATE OF SERVICE

I, Cassandra Newbern, certify that I have on this day filed the foregoing with the Clerk of the Court, which I have mailed the foregoing to the all counsel of record, via first-class mail postage prepaid to:

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
Jacks Griffith Luciano, P.A.
P.O. Box 1209, Cleveland, MS 38732

Jay M. Atkins, Esq.
Emily M. Hollings, Esq.
McAngus, Goudelock and Courie, LLC
119 North 9th Street, Oxford, MS 38655

This the 25th day of April, 2025.


Cassandra Newbern