IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CASSANDRA NEWBERN, individually
and on behalf of J.B., a minor                                                                    PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:24-CV-283-MPM-RP

DESOTO COUNTY SCHOOL DISTRICT,
DESOTO COUNTY, MISSISSIPPI, CITY OF
SOUTHAVEN, SOUTHAVEN POLICE DEPARTMENT,
BRENT VICKERS, CHIEF OF POLICE, in his official capacity,
and OFFICER ERIN HILL, in his individual and official capacities        DEFENDANTS

**ORDER**

Defendant Hill has chosen to dismiss his interlocutory appeal to the Fifth Circuit, and, as such, the stay previously entered in this case will be lifted, once the outstanding service of process issue in this case is resolved. This court notes that defendant Desoto County violated the stay by filing a second motion to dismiss for failure to serve process during its pendency, and that motion to dismiss will be dismissed. Violation of the stay aside, this court believes that there is a certain absurdity to the manner in which the service of process issue continues to be litigated in this case, even though Desoto County has been filing motions in it for many months. This is, once again, a lawsuit dealing with the rights of a minor child to a proper education, and this court has been very clear that it wishes to at least make some inquiry into the substantive merits of this case before dismissing it.

Still, the "law is the law," and this court can discern no reason why the same plaintiff who has flooded the docket with excessive motions would be unable to effectuate service of process in the manner required by the rules of civil procedure. This court has previously found

1

that plaintiff's failure to serve process was the result of excusable neglect, and it gave her additional time to effectuate that service. [Docket entry 106 at 13]. This is consistent with FRCP Rule 4(m), which appears to give this court discretion to extend the deadline for service of process but not to waive the service of process requirement altogether. This court accordingly advises plaintiff that she must find a way to accomplish this service of process upon Desoto County, and it requests that Judge Percy keep this case stayed until such time as, he finds, she has done so.

Whenever the litigation of this case does resume, plaintiff will have yet one more opportunity to comply with the admonitions of this court and Judge Percy regarding her filing of an excessive number of overlong motions. This court has repeatedly warned plaintiff about this practice, and she has repeatedly ignored those warnings. This court notes that plaintiff has made reference to using artificial intelligence [AI] software in her past filings, [*see* docket entry 101 at 18], and it suspects that she is following a strategy of using AI programs to generate an excessive number of overlong motions and thereby drive up the costs of defending this case for defendants. Regardless of whether this is plaintiff's intent, it is clearly the effect of her actions. This court is hesitant to dismiss a case based on the filing of excessive and overlong motions, and awarding monetary damages does not appear to be a realistic option with a *pro se* plaintiff of limited financial means. At the same time, this court will not allow its prior orders to be repeatedly ignored.

In light of the foregoing, this court warns plaintiff that, if she continues to violate its orders regarding the filing of motions, then she may find herself put in the "penalty box," so to speak, by having her motions stricken and this case being stayed for a certain number of months. This court presumes that plaintiff's ultimate goal in this lawsuit is to obtain a favorable verdict,

but she will not accomplish this by continuing to ignore its orders and warnings. If this lesser sanction fails to produce results, then this court will, in fact, consider dismissing this case outright. Judge Percy has full authority to strike any non-dispositive motions and to enter similar stays, if he determines that such is appropriate. Given that this case has not even reached the summary judgment stage yet, it is obvious that the trial date set for this fall will not be kept, and that trial will accordingly be continued until a date to be determined later.

In light of the foregoing, it is ordered that the trial in this action is continued until a date to be determined later.[1] Desoto County's motion to dismiss is hereby dismissed, and the stay in this case will remain in effect until, Judge Percy finds, plaintiff has managed to properly effectuate service of process upon Desoto County.

This, the 11th day of July, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] This court will also dismiss two motions filed by plaintiff which were likewise filed during the period which this case was on appeal and thus stayed.

3